JUDGE ELLIOTT
delivered the opinion of the court.
The appellant C. C. Herine was indicted in the Jessamine Circuit Court for selling ardent spirits without a license so to do. Thé indictment charges that Herine, “on the 20th of August, 1875, while engaged in the distillation and merchandising of spirituous liquors, did sell such liquors — to wit, whisky and brandy — in quantities of a quart and less, to one W. B. Gibney, at a point other than his distillery, namely, at his residence;” but the indictment fails to charge that appellant sold the ardent spirits in “ a house, to be drunk therein or on or adjacent to the premises where sold,” or that the *297 liquor was sold and drunk in a house, or on or adjacent to the premises where sold, and therefore it was insufficient to authorize a verdict and judgment for keeping a tippling-house. (See General Statutes, page 364.)
By chapter 92, article 3, section 5 of the General Statutes it is provided that “any tavern-keeper or merchant who shall sell spirituous liquors without having obtained a license therefor shall, on conviction, pay $60but the indictment in this case fails to charge that the appellant was a tavern-keeper or merchant when he sold the liquors named therein, and therefore he could not have been convicted under this provision of the statute.
As appellant was fined $60 upon an insufficient indictment, the judgment is reversed and cause remanded, with directions to dismiss the prosecution.